Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Esq. (SBM 278521)
sweerasuriya@attorneysforconsumers.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
Attorneys for Plaintiff,

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **John Wilterding,**<br><br>　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**Capital One, National Association, and Does 1-20, Inclusive,**<br><br>　**Defendant(s).** | Case No.: '15CV0526 LAB BGS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1. **The Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq.**<br><br>2. **The Consumer Credit Reporting Agencies Act,** *Cal. Civ. Code* **§1785, et seq.**<br><br>3. **California Civil Code. §§ 1798.92, et seq.; and**<br><br><br>**JURY TRIAL DEMANDED** |

1
**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. In enacting the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681, et seq., the federal legislature explained that that the banking system is dependent upon fair and accurate credit reporting and that there is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. 15 U.S.C. §§1681(a)(1),(4).

2. In enacting the Consumer Credit Reporting Agencies Act ("CCRAA"), *Cal. Civ. Code* §§1785, et seq., the legislature explained that there is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy and that it intends to regulate consumer credit reporting agencies pursuant to this title in a manner which will best protect the interests of the people of the State of California. *Cal. Civ. Code* §§1785.1(c),(e).

3. In enacting the California's Identity Fraud Statute, *Cal. Civ. Code* §§1798.92 et seq., the legislature found that the right to privacy is being threatened by the indiscriminate collection, maintenance, and dissemination of personal information and the lack of effective laws and legal remedies, and that in order to protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. *Cal. Civ. Code* §1798.1(a),(c).

**COMPLAINT FOR DAMAGES**

4. John Wilterding ("Plaintiff") brings this action against Capital One, National Association ("Defendant"), due to Defendant's willful efforts to attempt to collect monies from Plaintiff on a debt that he did not incur and does not owe, despite Plaintiff numerously advising Defendant that the debt Defendant sought was a result of fraud on Plaintiff's identity. Defendant ignored written disputes submitted by Plaintiff to all three (3) major credit reporting as well as an identity theft affidavit prepared and signed by Plaintiff and provided to Defendant, attesting to the fact that the debt sought be Defendant is not by owed and providing Defendant all additional information that Plaintiff believed would assist Defendant in investigating the identity fraud. As a result of Defendant's conduct, Plaintiff has been harmed, and his rights as a consumer have been violated, as further detailed below.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such

violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## PARTIES

10. Plaintiff is a "Victim of Identity Theft" as that term is defined by *Cal. Civ. Code* § 1798.82(d), and a "consumer" as defined by 15 U.S.C. §1681a and *Cal. Civ. Code* §1785.3(a).

11. Defendant is a company incorporated in the State of Virginia with its principal place of business in MacLean, Virginia. At all times relevant herein, Defendant did business in the State of California, County of San Diego, and at the time Defendant first engaged in the conduct that resulted in the harm to Plaintiff, Plaintiff was residing in San Diego County, California.

12. At all relevant times herein, Defendant was a "claimant" as that term is defined by *Cal. Civ. Code* § 1798.92(a). Further, at all relevant times, Defendant was a company who regularly provides information to consumer reporting agencies, and is therefore an "information furnisher" as defined by the FCRA and CCRAA. Defendant is also a "person" as defined by *Cal. Civ. Code* §1785.3(j).

## JURISDICTION AND VENUE

13. The Court has jurisdiction over Plaintiff's cause of action under the FCRA

pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's causes of action under the CCRAA and California Identify Fraud Statute, pursuant to 28 U.S.C §1367.

14. Venue is proper in the Southern District of California because at the time Defendant began its conduct giving rise to the claims alleged below, Plaintiff was residing in Fallbrook, California, in San Diego County, within the Southern District of California.

## FACTUAL ALLEGATIONS

15. In or around July of 2008, Plaintiff gained knowledge that three (3) credit cards he had obtained through Defendant, for personal purposes, had been compromised along with this identity and that an unknown individual was using his three credit cards ("Accounts"). Plaintiff gained such knowledge upon being advised as such by another creditor through which he had a line of credit, who noticed suspicious spending activity on Plaintiff's account and notified him promptly.

16. Plaintiff took prompt measures to advise Defendant of the identity fraud which resulted in the Accounts being compromised, after he was able to confirm suspicious spending activity with regards to his Accounts. Plaintiff asked Defendant to close the Accounts issue him new cards, to essentially end the fraud as to the Accounts. However, Defendant refused Plaintiff's request, claiming that Plaintiff's account had not been defrauded; Defendant merely

pointed to the fact that Plaintiff had been making timely payments on the Accounts despite claiming they had been defrauded. Plaintiff advised Defendant that he was timely making payments on the Accounts to avoid any detriment to his credit standing, pending a resolution of the identity fraud issue, and also because *some* of the charges incurred on the Accounts were legitimate and Plaintiff did not want to avoid being legitimately incurred debt obligations.

17. Due to Defendant's lack of cooperation, Plaintiff refused to pay the monies above and beyond what he incurred, thus, Defendant reported the Accounts as being past due, to all three major credit reporting agencies, beginning in or around September of 2008, after demanding that Plaintiff pay approximately $5500 to settle the accounts. Defendant engaged in such conduct despite the fact that the limit on each Account was $500, and despite the fact that Plaintiff stayed within those limits, clearly evidencing that all charges in excess of $500, per card, were certainly fraudulent. Plaintiff also took the time to try and explain to Defendant which charges belonged to him and which charges were fraudulent. Defendant refused to cooperate, and alleged to have "charged off" the accounts in January of 2009.

18. However, in or around December of 2009, Defendant eventually entered into a settlement with Plaintiff for less than the full, yet improper balances that Defendant had not only reported to the credit bureaus but have allegedly charged off. Plaintiff paid off the agreed upon amounts to Defendant by May of

6
**COMPLAINT FOR DAMAGES**

2011, September of 2011 and March of 2012, on the Accounts; he advised Defendant that he was making said payments only to avoid further harm to his credit standing and not because he was conceding or agreeing that the fraudulent charges actually belong to him.

19. Numerously after settling the Accounts with Defendant, Plaintiff disputed the charges and the negative credit reporting with all three major credit reporting bureaus. Plaintiff also submitted an identity fraud affidavit to Defendant directly, in February of 2012, along with the information available to Plaintiff regarding the fraud. The same affidavit was also forwarded to the three major credit reporting agencies, along with written disputes as to the Accounts. Yet, to date, neither the three major agencies nor Defendant have taken steps to erase the improper and negative reporting associated with the fraudulent charges on the Accounts.

20. More than thirty days have passed since Defendant was notified in writing, that Plaintiff was the victim of identity fraud. Defendant was provided all requisite information under the California Identity Fraud Statute, to investigate Plaintiff's claims. Despite no evidence suggesting that Plaintiff incurred the fraudulent charges, Defendant, to date, has not returned the monies it unlawfully collected from Plaintiff.

///

///

7

**COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

**21.** Plaintiff reincorporates by reference all of the preceding paragraphs.

**22.** Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

**23.** Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

**24.** Defendant has failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

**25.** To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

8
**COMPLAINT FOR DAMAGES**

a) Actual damages;

b) Statutory damages for willful and negligent violations;

c) Costs and reasonable attorney's fees; and,

d) For such other and further relief as may be just and proper including but not limited to an Order requiring the deletion of any and all negative reporting made by Defendant to the Agencies.

## SECOND CAUSE OF ACTION
## VIOLATION OF CONSUMER CREDIT REPORTING AGENCY ACT
(*Cal. Civ.* Code §§1785.25(a))

26. Plaintiff reincorporates by reference all of the preceding paragraphs.

27. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Defendant violated this provision of the CCRAA by furnishing information to the Agencies while knowing that the information being furnished regarding Plaintiff's Accounts with Defendant were inaccurate.

28. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate. Defendant has failed to take such steps,

despite having knowledge for nearly six (6) years, that its reporting is inaccurate regarding the accounts at issue.

29. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

30. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

e) Actual damages;

f) Statutory damages for willful and negligent violations;

g) Costs and reasonable attorney's fees; and,

h) For such other and further relief as may be just and proper including but not limited to an Order requiring the deletion of any and all negative reporting made by Defendant to the Agencies.

# THIRD CAUSE OF ACTION
# VIOLATIONS OF CALIFORNIA' IDENTITY FRAUD STATUTE
### (Cal. Civ. Code § 1798.92-1798.97)

**31.** Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**32.** The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

**33.** As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

### Prayer For Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

**a)** Actual damages

**b)** Statutory damages pursuant to *Cal. Civ. Code* §1798.93(c)(6).;

**c)** Attorney's fees and cost

**d)** Any other equitable or injunctive relief the Court deems appropriate

///

# TRIAL BY JURY

**34.** Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 06, 2015

By: /s/ Todd M. Friedman
Todd M. Friedman
Suren N. Weerasuriya
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorney for Plaintiff